UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVARISTE BOSHAB<br>    Avenue de Rail No. 5, Ngaliema<br>    Kinshasa, Democratic Republic of the Congo<br>                                    *Plaintiff,*<br><br>            v.<br><br>STEVEN T. MNUCHIN<br>in his official capacity as<br>    Secretary of the Department of the Treasury<br>    1500 Pennsylvania Avenue, NW<br>    Washington, D.C. 20220<br><br>                                    *Defendant*,<br><br>      and<br><br>THE UNITED STATES DEPARTMENT<br>OF THE TREASURY, OFFICE OF FOREIGN<br>ASSETS CONTROL<br>    1500 Pennsylvania Avenue, NW<br>    Washington, D.C. 20220<br><br>                                    *Defendant*. | CIV. No. 1:18-cv-00782<br><br>COMPLAINT<br><br>ECF |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**NATURE OF THE CASE**

1.      On December 12, 2016, acting pursuant to Executive Order 13413 ("E.O. 13413"), as amended by Executive Order 13671 ("E.O. 13671"), the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") designated Evariste Boshab ("Plaintiff") for his alleged engagement in actions or policies that undermine democratic processes or

institutions in the Democratic Republic of the Congo ("DRC").[1] By virtue of this designation, all of Plaintiff's property and interests in property within the United States or within the possession or control of U.S. persons, wherever located, is blocked and cannot be transferred, paid, exported, withdrawn, or otherwise dealt in, and Plaintiff is identified on OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List").

2.      In response to his OFAC designation, Plaintiff sought administrative recourse to rebut the evidence used against him and to seek the rescission of his designation.  On April 17, 2017, Plaintiff filed a formal request for administrative reconsideration of his designation pursuant to OFAC's delisting procedures outlined at 31 C.F.R. § 501.807.  Plaintiff's reconsideration case has been pending before OFAC for the past eleven (11) months.

3.      On April 20, 2017, Plaintiff filed a request for the administrative record underlying his OFAC designation so as to have a meaningful opportunity to rebut the evidence used against him. At the time of this filing, OFAC has yet to release the administrative record (or portions thereof) relied upon in designating Plaintiff.  Absent the release of such materials, including the evidence OFAC relied upon to support its allegations against Plaintiff, Plaintiff is unable to effectively respond to the allegations leveled against him and is denied a meaningful opportunity to be heard.

4.      Through this action, Plaintiff requests the Court to order Defendants to release the administrative record underlying Plaintiff's OFAC designation.  This may include, but not be limited to: (1) a copy of the unclassified portions of the administrative record (and any other documents) used to support Plaintiff's designation pursuant to E.O. 13413, as amended; (2) an unclassified summary of the classified portions of the administrative record (and any other

---

[1] PRESS RELEASE, *Treasury Sanctions Two Congolese Government Officials*, U.S. Dep't of Treasury, December 12, 2016, *available at* https://www.treasury.gov/press-center/press-releases/Pages/jl0682.aspx.

documents) used to support Plaintiff's OFAC designation; and (3) a statement of reasons outlining the factual basis for Plaintiff's OFAC designation and a description of the evidence underlying OFAC's allegations. Plaintiff has exhausted all administrative means for obtaining such evidence and is entitled to such records in accordance with post-deprivation due process under the Fifth Amendment and the Administrative Procedure Act.

## THE PARTIES

5.  Plaintiff Evariste Boshab is and was at all times relevant herein a citizen of the Democratic Republic of the Congo. Plaintiff is currently residing in Kinshasa, DRC. Plaintiff is currently a member of the DRC's Parliament and is also a Professor in the Faculty of Law at the University of Kinshasa, DRC.

6.  On or about December 12, 2016, Plaintiff was designated pursuant to E.O. 13413, as amended, and his name was included on OFAC's SDN List. EXHIBIT A attached hereto is a true and accurate copy of OFAC's SDN List identifying Plaintiff as a Specially Designated National ("SDN").[2]

7.  Defendant Office of Foreign Assets Control ("OFAC") is a United States federal administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Treasury Annex, Washington, D.C. 20220. The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States. The United States Department of the Treasury is also responsible for overseeing various offices, including the Office of Foreign Assets Control. Plaintiff is informed and believes thereon that

---

[2] Due to the significant length of the SDN List, Counsel will be providing solely the specific page of the SDN List on which Plaintiff's name is appears as part of this exhibit.

OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List.

8.      Defendant Steven T. Mnuchin is the Secretary of the Treasury of the United States. Mr. Mnuchin is sued in his official capacity.

## JURISDICTION AND VENUE

9.      This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## FACTUAL ALLEGATIONS

11.     OFAC designated Plaintiff on December 12, 2016 pursuant to E.O. 13413, as amended by E.O. 13671, for his alleged engagement in actions or policies that undermine democratic processes or institutions in the DRC. This designation "froze" all of Plaintiff's property and interests in property that were or thereafter come within the United States or within the possession or control of a U.S. person, wherever located. In addition, Plaintiff's OFAC designation generally bars U.S. persons from engaging in any transactions with him.

12.     In its press release announcing Plaintiff's designation, OFAC made broad conclusory allegations concerning Plaintiff's conduct and the basis for his designation. The allegations contained in OFAC's press release comprise the totality of the factual allegations disclosed to Plaintiff regarding the basis for his designation. OFAC has failed to provide or summarize any of the evidence used to support its allegations against Plaintiff. Such bare and conclusory allegations,

4

divorced entirely from their evidentiary foundations, cannot possibly serve to provide adequate notice to Plaintiff as to the factual basis underlying his designation.

13. By letter dated April 17, 2017, Plaintiff sought administrative reconsideration of his OFAC designation pursuant to the delisting procedures outlined at 31 C.F.R. § 501.807. OFAC's procedures provide that a blocked person may seek administrative reconsideration of their designation and thus seek to have the designation rescinded either by asserting either that the initial designation was in error or that a fundamental change in circumstances has occurred to warrant delisting. 31 C.F.R. § 501.807. Blocked persons may submit to OFAC, in writing, "arguments or evidence that the person believes establishes that [an] insufficient basis exists for the designation." 31 C.F.R. § 501.807(a). Plaintiff's request for reconsideration contends that an insufficient basis exists for his OFAC designation or, alternatively, that there has been a fundamental change in circumstances to warrant rescission of his designation. However, Plaintiff contends so without being adequately apprised as to the factual basis underlying his OFAC designation.

14. By letter dated April 20, 2017, Plaintiff requested a copy of the administrative record underlying his designation pursuant to E.O. 13413, as amended. This request was sent to OFAC via Federal Express and electronic mail.

15. On August 15, 2017, OFAC sent Plaintiff a questionnaire seeking information and documents responsive to a series of queries pertaining to OFAC's reconsideration case.

16. On November 13, 2017, Plaintiff filed a formal response to OFAC's questionnaire. This response was made without access to the administrative record underlying Plaintiff's OFAC designation, including the sum total of the factual allegations made by OFAC regarding Plaintiff's conduct and the evidence used to support such allegations.

17. In response to OFAC's failure to provide Plaintiff with adequate notice regarding the basis for his designation, Plaintiff submitted a demand letter dated February 21, 2018 seeking the immediate disclosure of the administrative record underlying his designation. Plaintiff's letter followed more than nine (9) months of silence from OFAC regarding Plaintiff's request for the administrative record underlying his designation.

18. OFAC has yet to release copies of the administrative record underlying Plaintiff's designation or otherwise respond to Plaintiff's demand letter for such records. Plaintiff's efforts to understand the factual basis of his OFAC designation have been met with inaction by Defendants. Only an extraordinary remedy can compel disclosure and ensure that Plaintiff is provided the notice that is due him as a matter of law. Accordingly, Plaintiff seeks judicial redress through a request for injunctive and/or declaratory relief or, alternatively, through the issuance of a writ of mandamus compelling Defendants to release the requested records.

## LEGAL CLAIMS

### COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS

19. Plaintiff Evariste Boshab re-alleges and incorporates by reference as if fully set forth herein paragraphs 1-18, *supra*.

20. Plaintiff is granted the right to petition Defendants for administrative reconsideration of his designation pursuant to OFAC's delisting procedures located at 31 C.F.R. § 501.807.

21. Under the Fifth Amendment to the U.S. Constitution, Plaintiff has a due process right to adequate post-designation notice. Such notice requires Defendants to provide Plaintiff with the factual allegations and evidentiary basis for Plaintiff's OFAC designation, including by granting Plaintiff access to the administrative record underlying such designation.

22. Defendants have failed to provide Plaintiff with the administrative record underlying his OFAC designation (or any portions thereof) and have not offered any adequate substitute for the administrative record. Because Plaintiff has been denied access to the factual basis of his OFAC designation, Defendants have failed to provide Plaintiff with adequate notice for purposes of the Fifth Amendment to the U.S. Constitution and have thus acted in violation of Plaintiff's due process rights.

### COUNT II – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

23. Plaintiff Evariste Boshab re-alleges and incorporates by reference as if fully set forth herein paragraphs 1-18, *supra*.

24. Plaintiff is granted the right to petition Defendants for administrative reconsideration of his designation pursuant to OFAC's delisting procedures located at 31 C.F.R. § 501.807.

25. In tandem with Plaintiff's right to request reconsideration of his OFAC designation, Plaintiff has an administrative due process right to adequate post-designation notice. Such notice requires Defendants to provide Plaintiff with the factual allegations and evidentiary basis for Plaintiff's OFAC designation, including by granting Plaintiff access to the administrative record underlying such designation.

26. Defendants have failed to provide Plaintiff with the administrative record underlying his OFAC designation (or any portions thereof) and have not offered any adequate substitute for the administrative record. Because Plaintiff has been denied access to the factual basis of his OFAC designation, Defendants have failed to provide Plaintiff with adequate notice for purposes of pursuing his right to administrative reconsideration and have thus acted in violation of the APA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Evariste Boshab prays for injunctive relief and/or declaratory judgment from this Court:

1. Declaring that Defendants' failure to provide Plaintiff with the administrative record underlying his OFAC designation (or any portions thereof) violates Plaintiff's due process and statutory rights to adequate post-designation notice and denies Plaintiff a meaningful opportunity to challenge OFAC's designation through the delisting procedures outlined at 31 C.F.R. § 501.807;

2. Instructing OFAC to release the administrative record underlying Plaintiff's designation, including, but not necessarily limited to, (1) the unclassified and declassified portions of the administrative record; (2) an unclassified summary of the classified portions of the administrative record; and (3) a statement of reasons or evidentiary memorandum outlining the factual basis for Plaintiff's designation pursuant to E.O. 13413, as amended, so as to provide Plaintiff with adequate post-deprivation notice;

3. All other relief that the Court deems proper.

April 5, 2018

Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004

Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253